# Supreme Court of the Navajo Nation

**Lew Chee Begay, Appellant,**
v.
**The Navajo Nation, Appellee.**
**Decided July 25, 1989**

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Charley John, Esq., Shiprock, New Mexico, for the Appellant; and Angela Sanford, Esq., Office of the Prosecutor, Shiprock, New Mexico, for the Appellee.

Opinion delivered by Austin, Associate Justice.

Defendant Lew Chee Begay was arrested on January 12, 1989 for driving while under the influence of intoxicating liquor in violation of 14 N.T.C. § 1107 and reckless driving in violation of 14 N.T.C. § 1108. The record on appeal shows that on January 13, 1989, the defendant was arraigned, pled guilty, and was sentenced under the provisions of the former Navajo Nation Motor Vehicle Code as follows:

> Driving while intoxicated (14 N.T.C. § 456)
> -- 60 days probation;
> Reckless driving (14 N.T.C. § 457)
> -- 45 days probation.

The former Motor Vehicle Code has been superseded by the 1988 Motor Vehicle Code. The 1988 Motor Vehicle Code was applicable at the time the defendant was arraigned.

On January 20, 1989, the prosecutor filed a motion for reconsideration with the district court to correct the erroneous sentencing under the former Code. On February 1, 1989, after defendant had partially served the sentence imposed under the former Code, the district court resentenced the defendant pursuant to the new Code provisions, 14 N.T.C. § 1107 and § 1108, as follows:

> Driving while intoxicated (14 N.T.C. § 1107(c))
> -- 24 hour jail term/60 days probation/ $300.00 fine (defendant credited for 20 hours already served);
> Reckless driving (14 N.T.C. § 1108 (b))
> -- 45 days probation/$150.00 fine.

On February 28, 1989, defendant filed his notice of appeal. On April 27, 1989, this Court reversed the Shiprock District Court's judgment convicting defendant of the offenses of "Driving While Intoxicated" and "Reckless Driving" and instructed the district court to refund to the defendant all monies he had paid as fines.

On May 4, 1989, plaintiff filed a motion for reconsideration of the Supreme Court's reversal of the district court's judgment. On July 10, 1989, this Court heard oral argument on the motion for reconsideration. This Court decided in its April 27, 1989 order that a court may not arraign and sentence a defendant under a repealed law. According to the record presented to the Court, the defendant pled guilty to, was found guilty of, and was sentenced for violation of repealed provisions of the former Code. Using the record, the Supreme Court found that a judgment entered against a defendant which is based on repealed laws is illegal and void.

Plaintiff argued on reconsideration that the record was deficient in representing the true facts of the district court's proceedings. Plaintiff argued that defendant was arraigned under the provisions of the 1988 Motor Vehicle Code, but sentenced under the repealed provisions of the former Code. Unfortunately, plaintiff did not provide a transcript which would support its contention that the record was deficient. In the absence of such an authenticated court transcript, this Court is obligated to accept as true the contents of the record as filed with this Court. Further, plaintiff stated at oral argument that neither the district prosecutor nor any member from the prosecutor's office was present at the defendant's arraignment or sentencing. Therefore, it is impossible for plaintiff to authenticate or disprove any portion of the record, which documented the district court's proceedings, without a transcript. We properly accepted the trial court record and used it to make our decision.

This Court recognizes that "[a] substantial liberty interest is at stake in sentencing." *U.S. v. Fatico*, 458 F. Supp. 388, 400, *aff'd*, 603 F.2d 1053, *cert. denied*, 44 U.S. 1073 (1978). Therefore, "[a] motion to vacate a sentence will be granted ... when there has been a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Government of Virgin Islands v. Pamphile*, 604 F. Supp. 753 (1985). Fair procedure mandates that a defendant shall be properly charged, arraigned, found guilty and sentenced for an offense that is expressly provided for under a valid Code section. The defendant, according to the record, was arraigned, found guilty and sentenced under Code provisions that had been legislatively repealed. The procedures in this criminal case were found to be fundamentally defective in our April 27, 1989 decision.

We carefully reviewed the plaintiff's motion for reconsideration of our April 27, 1989 decision. Plaintiff did not produce any records, such as a court transcript, to show that we had erred in our decision. We affirm our April 27, 1989 decision.